Stanley A. ANTON, Plaintiff-Appellant,

v.

Glen LEHPAMER, et al.,
Defendants-Appellees.

No. 85–2565.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 25, 1986.

Decided April 3, 1986.

Rehearing Denied May 2, 1986.

Miriam F. Miquelon, Miquelon & Assoc. Ltd., Chicago, Ill., for plaintiff-appellant.

Paul E. Dengel, Schiff, Hardin & Waite, Chicago, Ill., for defendants-appellees.

Before FLAUM and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

RIPPLE, Circuit Judge.

In this case, we must decide whether *Wilson v. Garcia,* — U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), should apply retroactively when a federal court sitting in Illinois borrows the state's statute of limitations in an action under 42 U.S.C. § 1983 (1979).[1] We hold that, in Illinois, a plaintiff whose section 1983 cause of action accrued before the *Wilson* decision, April 17, 1985, must file suit within the shorter period of either five years from the date his action accrued or two years after *Wilson.*

On December 21, 1978, the defendants, police officers from Downers Grove, Illinois, arrested Stanley Anton. Two years and one month later, on January 30, 1981, Mr. Anton filed suit against the officers in the United States District Court for the Northern District of Illinois. He alleged that the use of excessive force during the

---

1. 42 U.S.C. § 1983 provides:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immuni-

ties secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

arrest deprived him of constitutionally protected rights. *See* 42 U.S.C. § 1983. Although Congress created a federal cause of action in 42 U.S.C. § 1983, it did not provide for a federal limitation period on these actions. Instead, in section 1983 suits, federal courts have followed the well-settled practice of borrowing the most analogous state statute of limitations. In the Seventh Circuit, "the applicable limitations period is that which a court of the State where the federal court sits would apply had the action been brought there." *Beard v. Robinson*, 563 F.2d 331, 334 (7th Cir.1977), *cert. denied sub nom. Mitchell v. Beard*, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978); *see Movement For Opportunity v. General Motors Corp.*, 622 F.2d 1235, 1241 (7th Cir.1980). At the time Mr. Anton filed suit, federal courts in Illinois applied a five-year statute of limitations in all section 1983 actions. *Beard*, 563 F.2d at 338. That statute of limitations was the limitation period for "actions not otherwise provided for." *See* Ill.Rev.Stat. ch. 83, § 16.[2]

More than four years after Mr. Anton filed suit, the Supreme Court held that, in all states, the most analogous statute of limitations for all section 1983 actions is the state's personal injury statute of limitations. *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Illinois, the statute of limitations for personal injury actions is two years. *See* Ill.Rev. Stat. ch. 110, ¶ 13–202 (1983).[3] The district court, holding that *Wilson* should be ap-

plied retroactively, granted the defendants' motion for summary judgment.

The sole issue on appeal is whether *Wilson* should apply retroactively when a federal court in Illinois borrows the state's statute of limitations in a section 1983 action. In *Chevron v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), the Supreme Court enunciated a three-part test to determine whether a decision should be applied only prospectively:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." ... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

(Citations omitted). Therefore, to resolve the issue presented here, we must examine carefully the *Wilson* decision and then evaluate that decision in light of the three *Chevron* criteria.

---

**2.** Ill.Rev.Stat. ch. 83, § 16 provided:

Except as provided in Section 2–725 of the "Uniform Commercial Code," approved July 31, 1961, as amended, and Section 11013 of "the Illinois Public Aid Code," approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued. The provision was recodified as Ill.Rev.Stat. ch. 110, ¶ 13–205 (1982).

**3.** Ill.Rev.Stat. ch. 110, ¶ 13–202 (1983) provides:

Personal injury—Penalty. Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, except damages resulting from murder or the commission of a Class X felony and the perpetrator thereof is convicted of such crime, shall be commenced within 2 years next after the cause of action accrued but such an action against a defendant arising from a crime committed by the defendant in whose name an escrow account was established under the "Criminal Victims' Escrow Account Act" shall be commenced within 2 years after the establishment of such account.

*Wilson v. Garcia*

In *Wilson,* the Supreme Court attempted to resolve the "conflict, confusion, and uncertainty concerning the appropriate statute of limitations to apply to this most important, and ubiquitous, civil rights statute...." 105 S.Ct. at 1942. After noting that the issue arises because Congress left a void in federal· statutory law, the Court reaffirmed the well-settled principle that "[w]hen Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Id.* The Court noted that selection of the most analogous statute of limitations had varied from circuit to circuit: "the courts vary widely in the methods by which they characterize a section 1983 action, and in criteria by which they evaluate the applicability of a particular state statute of limitations to a particular claim." *Id.* In an attempt to provide some uniformity and reduce collateral litigation the Court held that: (1) the characterization of the section 1983 action, for the purpose of selecting a statute of limitations, is a question of federal not state law, *id.* at 1943; (2) the best approach is to select "in each State, the one most appropriate statute of limitations for all § 1983 claims," *id.* at 1947; and (3) in every state the statute of limitations for the "tort action for the recovery of damages for personal injuries is the best alternative available." *Id.*

*Chevron* Criteria

"As a general rule, judicial decisions apply 'retroactively.'" *Solem v. Stumes,* 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984) (quoting *Robinson v. Neil,* 409 U.S. 505, 507–08, 93 S.Ct. 876, 877, 35 L.Ed.2d 29 (1973)). However, the Supreme Court has recognized exceptions to the general rule. *See Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 87–88, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982) (the Court utilized the *Chevron* analysis to determine whether a

decision, in a civil case, should be afforded prospective application only).

**A**

■ The first *Chevron* criteria requires that, "the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355.

This first *Chevron* criterion requires that we examine pre-*Wilson* precedent. The defendants-appellees submit that such an examination should be nationwide in scope. They argue that *Wilson* was not a case of first impression because the Supreme Court had already dealt with the subject of statute of limitations in section 1983 actions, albeit in general terms. *See Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980) (federal courts to apply the state statute of limitations "governing an analogous cause of action"). The lower courts, they further argue, "had attempted to give definition to the general guidance provided in *Tomanio...*." Appellees'. Br. at 23. The defendants also submit that *Wilson* did not overrule clear past precedent upon which the parties may have relied since neither the Supreme Court nor the lower courts had adopted a uniform approach for selecting the most analogous state statute of limitations in a section 1983 case. However, we believe that *Chevron* requires a far more focused inquiry. Both the Supreme Court in *Chevron* and the other lower courts which have considered the retroactive application of *Wilson* have focused on the precedent within the circuit directly affected by the ruling. Accordingly, we must determine whether *Wilson* effectively overruled clear precedent in this circuit upon which litigants may have relied when they filed a section 1983 action in Illinois.[4]

---

4. In *Chevron,* the Supreme Court considered a retroactive application of *Rodrigue v. Etna Cas-*   *ualty & Surety Co.,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). The Court, focusing on

■ Prior to 1977, there was a conflict of authority in this circuit on the issue of the most analogous Illinois statute of limitations. In *Wakat v. Harlib*, 253 F.2d 59 (7th Cir.1958), this court applied to a section 1983 cause of action the Illinois five-year statute of limitations governing "all civil actions not otherwise provided for." However, in a similar section 1983 suit, this court selected the Illinois two-year statute of limitations applicable to personal injury actions. *Jones v. Jones*, 410 F.2d 365 (7th Cir.1969), *cert. denied*, 396 U.S. 1013, 90 S.Ct. 547, 24 L.Ed.2d 505 (1970). Finally, in *Beard v. Robinson*, 563 F.2d 331, 336 (7th Cir.1977), *cert. denied sub nom. Mitchell v. Beard*, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978), the court recognized that:

> Upon reflection, it seems to us that *Wakat* and *Jones* cannot stand together, for underlying the inconsistent results reached therein are two inconsistent approaches to determining the applicable statute of limitations. The *Wakat* approach treats all claims founded on the Civil Rights Acts as governed by the five-year Illinois statute of limitations applicable to all statutory causes of action that do not contain their own limitations periods. *Jones*, on the other hand, looks beyond the fact that a statutory cause of action has been alleged and seeks to characterize the facts underlying plaintiff's claim in terms of traditional common law torts for purposes of determining the applicable state statute of limitations.

We definitively resolved the inconsistency by adopting the *Wakat* approach. *Id.* We held that the Illinois statute of limitations most analogous to all section 1983 claims was the five-year limitation period. *Id.* at 338. After *Beard* and before *Wilson*, the law in this circuit was clear; in cases arising in Illinois, the five-year residual statute of limitations applied. *Wilson* explicitly mandated that a different statute of limitations is the most analogous; it overruled clear past precedent upon which litigants were entitled to rely when they filed a section 1983 action in Illinois. Therefore, in the Seventh Circuit, for cases filed in Illinois, the *Wilson* decision meets the first *Chevron* criterion.

### B

The second part of the *Chevron* test requires the court to "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355. The Supreme Court noted that the *Wilson* decision furthers three important interests: (1) safeguarding the rights of federal civil rights litigants, 105 S.Ct. at 1949; (2) achieving uniformity and certainty, *id.* at 1947; and (3) minimizing unnecessary collateral litigation. *Id.* We must consider how retroactive application of *Wilson* would affect each of those interests.[5]

---

the effect of the case in the Fifth Circuit noted, that *Rodrigue* "was not only a case of first impression" in the Supreme Court but also "effectively overruled a long line of decisions in the Fifth Circuit...." 404 U.S. at 107, 92 S.Ct. at 355. Similarly, the other circuits which have addressed the retroactivity of *Wilson* have focused on the effect of that decision on the established precedent of the circuit. *See Smith v. City of Pittsburgh*, 764 F.2d 188, 195 (3d Cir. 1985) (no clear pre-*Wilson* precedent in Pennsylvania); *Wycoff v. Menke*, 773 F.2d 983, 986 (8th Cir.1985) (no clear pre-*Wilson* precedent in Iowa); *Rivera v. Green*, 775 F.2d 1381, 1383 (9th Cir.1985) (pre-*Wilson* Arizona statute of limitations was clear); *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986) (clear pre-*Wilson* precedent in California); *Jackson v. City of*

*Bloomfield*, 731 F.2d 652, 654 (10th Cir.1984); *Abbitt v. Franklin*, 731 F.2d 661 (10th Cir.1984) (*Garcia* makes a clear break with prior Tenth Circuit decisions).

5. The courts which have considered the effect of retroactive application on these interests have reached conflicting conclusions. The Eighth Circuit concluded that "on balance this factor cuts in favor of *Wilson*'s retroactive application." *Wycoff*, 773 F.2d at 987. However, the Third, Ninth, and Tenth Circuits decided that "[o]n balance, we cannot say that retrospective application to bar plaintiffs' claims at this point in the litigation would either hamper or promote these goals." *Jackson*, 731 F.2d at 655; *accord Smith*, 764 F.2d at 196; *Gibson*, at 1340.

With respect to the first concern, safeguarding the rights of federal civil rights litigants, we note that, in *Wilson*, the Supreme Court explicitly expressed its concern that the statute of limitations applied in section 1983 suits "fairly serve the federal interests vindicated by § 1983." 105 S.Ct. at 1949. The practical effect of using the two-year personal injury statute of limitations in cases such as this one—rather than the five-year residual statute—would be to reduce the time period during which a litigant may commence a section 1983 action. Therefore, total retroactive application of *Wilson* would preclude some plaintiffs from vindicating constitutional rights protected by section 1983 simply because the time for filing a suit had been reduced after the cause of action accrued or, as demonstrated by this case, after the litigation had begun.

We now turn to the two remaining policies articulated by the Supreme Court in *Wilson:* promoting uniformity and reducing litigation. Here, we agree with those circuits which have concluded that retroactive application neither promotes nor hampers these interests. *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986); *Smith v. City of Pittsburgh*, 764 F.2d 188, 196 (3d Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985); *Jackson v. City of Bloomfield*, 731 F.2d 652, 655 (10th Cir.1984). With respect to uniformity, it is important to focus on the type of uniformity which *Wilson* is designed to achieve. *Wilson* simply mandates tht the same type of statute of limitations—the personal injury statute—will apply to all section 1983 actions; it does not mandate a specific length of limitation. Therefore, the uniformity which *Wilson* seeks to achieve is not endangered because some litigants may be permitted to file suit more than two years after their cause of action accrued.

Similarly, reduction of unnecessary litigation hardly seems to be affected by nonretroactive application. The *Wilson* decision reduces litigation to the extent that, after *Wilson*, parties will no longer argue over which state statute of limitations is most analogous to their section 1983 claim. The defendants submit that nonretroactive application of *Wilson* will create a tremendous amount of litigation over which statute of limitations is applicable in a particular case. However, in cases arising within Illinois, the risk of such litigation is already remote. The course is already clear. Absent retroactive application, the five-year residual statute mandated in *Beard* would control. Since the interests of establishing uniformity and reducing litigation are not hampered by nonretroactive application and the interest of safeguarding the rights of federal civil rights litigants is retarded by retroactive application, the *Wilson* decision meets the second *Chevron* criterion.

### C

The third part of the *Chevron* test requires us to weigh the "inequity imposed by retroactive application." *Chevron*, 404 U.S. at 107, 92 S.Ct. at 355. This case provides a good example of a situation in which retroactive application of *Wilson* would produce substantially inequitable results. Mr. Anton filed suit approximately two years and one month from the time of his alleged injuries—well within the five-year limitation period applicable at that time. In the four and one-half years from the time Mr. Anton first filed suit, to the time the district court granted the defendants' motion for summary judgment, the plaintiff filed and answered interrogatories, engaged in other discovery, filed a motion for summary judgment, answered and filed a motion to dismiss the defendants' counterclaim, took several depositions, responded to several motions for summary judgment, responded to the defendants' motion in limine, attended numerous status hearings, and experienced at least three lengthy delays after trial was originally scheduled to begin on June 13, 1983. This record does not reveal a plaintiff who "slept on his rights." Mr. Anton, assured by existing Seventh Circuit precedent that his case was timely in 1981, expended significant time and resources to resolve pre-trial disputes and narrow the issues for trial. Retroactive application of

*Wilson* would not serve justice and would impose a hardship on those plaintiffs who had actually pursued their section 1983 claims.

*Conclusion*

■ After reviewing the *Wilson* decision in light of the *Chevron* factors, we do not believe that *complete* retroactive effect of that decision is appropriate in the circumstances presented here.[6] On the other hand, the Supreme Court in *Wilson* explicitly directed federal courts to apply the state's personal injury statute of limitations to all section 1983 suits. We must implement that decision in this circuit as quickly as justice permits. Therefore, we hold that, in Illinois, a plaintiff whose section 1983 cause of action accrued before the *Wilson* decision, April 17, 1985, must file suit within the shorter period of either five years from the date his action accrued or two years after *Wilson*.[7]

Mr. Anton's cause of action accrued on December 21, 1978. In his case, the shorter five-year period expired December 21, 1983. Since Mr. Anton filed suit on January 30, 1981, his section 1983 action is not barred by our partial retroactive application of *Wilson v. Garcia*. Therefore, we reverse the judgment of the district court.

REVERSED.

---

6. In assessing the equities of retroactive application, we also find helpful the Illinois policy concerning retroactive application of a new statute of limitation which reduces the period for filing suit. Illinois courts consider retroactive application on a case-by-case basis to determine whether the plaintiff had a reasonable time to file suit between the effective date of the new statute and "the date on which the pre-existing cause of action would be barred." *Balzer v. Inland Steel Co.*, 100 Ill.App.3d 1071, 56 Ill.Dec. 594, 595, 427 N.E.2d 999, 1000 (1981). It is clear that Mr. Anton did not have a reasonable time to adjust to the shorter limitation period. If *Wilson* was applied retroactively, his cause of action would have been barred well before the Court announced its decision. *Cf. Wilson*, 105 S.Ct. at 1943 (In *Wilson*, the Supreme Court indicated that, although the characterization of a section 1983 action for statute of limitation purposes is a federal question, "the length of the limitations period, and closely related questions of tolling and application, are governed by state law.").

7. Several other circuits have addressed the retroactive application of *Wilson*, *Gibson v. United States*, 781 F.2d 1334 (9th Cir.1986); *Mulligan v. Hazard*, 777 F.2d 340 (6th Cir.1985); *Rivera v. Green*, 775 F.2d 1381 (9th Cir.1985); *Smith v. City of Pittsburgh*, 764 F.2d 188 (3d Cir.), *cert. denied*, — U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985); *Wycoff v. Menke*, 773 F.2d 983 (8th Cir.1985); *Jackson v. City of Bloomfield*, 731 F.2d 652 (10th Cir.1984) (en banc); *Abbitt v. Franklin*, 731 F.2d 661 (10th Cir.1984) (en banc); *Jones v. Mauldin*, 763 F.2d 1250 (11th Cir.1985) *cert. denied*, — U.S. ——, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986). The courts in *Gibson*, *Jackson* and *Abbitt*, after considering the *Chevron* factors, held that *Wilson* should not receive retroactive application because it overruled clear precedent in that circuit by reducing the limitation period. In *Smith*, *Wycoff* and *Rivera*, the courts reached contrary conclusions; however, those cases can be distinguished. In *Smith* and *Wycoff* the courts applied *Wilson* retroactively because it did not overrule any clear past precedent in the circuit. *Smith*, 764 F.2d at 195; *Wycoff*, 773 F.2d at 986. The court in *Rivera* applied *Wilson* retroactively only because, in that case, it would lengthen rather than shorten the limitation period. 775 F.2d at 1384. In a subsequent case, the same court refused to apply *Wilson* retroactively when it had the effect of reducing the limitation period. *Gibson* at 1339. In *Jones*, the Eleventh Circuit, in dicta, in a footnote, indicated that, in that case, the *Chevron* factors "cut in favor of retroactive application of *Wilson*", 763 F.2d at 1250 n. 2.

Finally, in *Mulligan*, the Sixth Circuit held that *Wilson* applied retroactively because it felt that the Supreme Court itself retroactively applied its holding. 777 F.2d at 343. The court in *Mulligan* reasoned that the Supreme Court's decision not to follow a prior New Mexico Supreme Court case establishing a shorter statute of limitations amounted to retroactive application. However, the Supreme Court in *Wilson* actually held that federal not state law controlled the characterization of section 1983 actions, therefore, the New Mexico Supreme Court case did not control. In fact, in *Wilson*, the Court explicitly noted without comment that the Tenth Circuit had already decided not to apply retroactively its decision. 105 S.Ct. at 1941 n. 10 (citing *Jackson v. City of Bloomfield*, 731 F.2d 652 (10th Cir.1984)). We agree with those circuits which have considered retroactive application of *Wilson*, in cases in which clear pre-*Wilson* precedent established longer statute of limitations, and concluded that the *Chevron* factors supported nonretroactive application.