**John ALVAREZ, et al., Plaintiffs,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 85 C 9366.**

United States District Court,
N.D. Illinois, E.D.

May 20, 1986.

**1362**

David C. Thomas, Kent College of Law, Chicago, Ill.; C. Peter Erlinder, St. Paul, Minn., for plaintiffs.

James D. Montgomery, Corp. Counsel, City of Chicago by Ira M. Kleinmuntz and Diane J. Larsen, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiffs brought this action against multiple defendants including the City of Chicago ("City") and Police Superintendent Rice. Plaintiffs allege that defendants deprived plaintiffs of various constitutional rights. Plaintiffs seek relief under 42 U.S.C. § 1983.

Presently before this Court is defendants Rice's and the City's combined motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6). For the reasons stated below, defendants' motion to dismiss is granted.

### I.  FACTS

Plaintiffs are hearing impaired citizens. Plaintiffs encountered several police officers on two separate occasions. During these encounters, plaintiffs allegedly were physically beaten, falsely arrested and imprisoned. Plaintiffs claim their constitutional rights were violated due to the failure of the Police Department of the City of Chicago to adopt and implement policies, programs and procedures adequate to train police officers to address the special problems presented by police encounters with the hearing impaired. This litigation ensued as a result of the alleged deprivation of these rights.

### II.  DISCUSSION

*Statute of Limitations*

Defendants argue Count II should be dismissed for failure to commence the cause of action within the applicable statute of limitations period for claims based on 42 U.S.C. § 1983. This Court disagrees.

The appropriate limitation period for § 1983 actions brought in Illinois is two years. *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Recently, the Seventh Circuit applied the *Wilson* limitation to claims arising before, but filed after, the *Wilson* decision. *Anton v. Lehpamer,* 787 F.2d 1141 (7th Cir.1986). In *Anton,* the Seventh Circuit held that a § 1983 plaintiff whose cause of action accrued before the *Wilson* decision must file suit within the shorter period of either five years from the date his action accrued or two years after the Supreme Court decided *Wilson,* April 17, 1985.

The instant case is subject to the *Anton* court's application of the *Wilson* decision.

After applying the time limitation, this Court holds that plaintiffs filed within the time limitations set by *Anton*. Plaintiffs filed four years and eleven months after their cause of action accrued and only seven months after the Supreme Court decided *Wilson*. Plaintiffs' claim was filed precisely three days before the limitation period would have expired. Therefore, plaintiffs' complaint was timely filed.

### § 1983

### a. *City of Chicago*

In the complaint, plaintiffs contend their constitutional rights were deprived by certain police officers employed by the City. Plaintiffs assert this constitutional deprivation was a direct result of the City's failure to adopt a policy and the procedures necessary to train police officers to resolve the special problems presented by police encounters with hearing impaired citizens.

In opposition, the City argues that plaintiffs' claim should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). In particular, the City asserts that the complaint failed to properly allege the kind of official governmental policy that is the predicate for municipal liability under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Defendant suggests a § 1983 action based on a policy of inadequate training is insufficient unless the complaint alleges "inadequacies and subsequent constitutional deprivations resulted from policymakers deliberately choosing a training program designed to be inadequate." This Court notes that plaintiffs chose not to address these arguments in their memorandum in opposition to defendants' motion.

■ Several requirements must be met to state a claim for municipal liability pursuant to 42 U.S.C. § 1983. First, the complaint must allege that the plaintiff was deprived of a constitutional right. Second, the plaintiff must plead that the constitutional deprivation was caused by government officers acting in accordance with a municipal policy or custom. *Okla-homa City v. Tuttle*, —— U.S ——, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In addition, boilerplate allegations of municipal policy, without any factual allegations to support those general allegations, do not establish a § 1983 claim against a municipality. *Rodgers v. Lincoln Towing Services, Inc.*, 771 F.2d 194, 202 (7th Cir.1985). Alleging a specific incident of constitutional deprivation and generally alleging that the deprivation resulted from custom or policy are not adequate; the plaintiff must allege a specific pattern or series of incidents that support the general allegation. *Hossman v. Blunk*, 784 F.2d 793 (7th Cir.1986).

■ In the instant case, plaintiffs failed to sufficiently plead a § 1983 action. Plaintiffs do not meet the "policy" requirement of *Monell*. The complaint does not maintain that plaintiffs' constitutional rights were deprived as the result of City police officers acting pursuant to any policy, custom or practice. In fact, plaintiffs claim they were deprived of their rights as a result of the City's failure to adopt a training policy adequate to train police officers to interact with handicapped citizens.

This Court recognizes the possibility that the *Monell* "policy" requirement may be satisfied by an allegation that the City implemented a policy designed to inadequately train various police officers. However, this Court requires more than a conclusory assertion that inadequate training caused unconstitutional conduct in a § 1983 action. This Court believes a "policy" generally implies a course of action consciously chosen from among various alternatives. Plaintiffs do not claim the present policy toward handicapped citizens resulted from a conscious choice to establish an inadequate training program. In addition, the complaint fails to plead that any policymaker deliberately chose a training program intended to inadequately train police officers. Plaintiffs do not allege any deliberate supervisory indifference or that any policymaker was grossly negligent in train-

ing the police officers to interact with handicapped citizens. In sum, plaintiffs failed to plead an affirmative "policy" that constitutes a moving force behind the police officers' subsequent unconstitutional conduct.

For these reasons, defendant City of Chicago's motion to dismiss for failure to state a claim is granted.

### b. *Superintendent of Police*

■ Plaintiffs chose to sue Police Superintendent Fred Rice in his official capacity only. Actions for damages against a party in his official capacity are, in essence, actions against the municipality of which the officer is an agent. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). Thus damages may be awarded against a defendant in his official capacity only if such damages would be available against the municipality itself. *Hughes v. Blankenship,* 672 F.2d 403, 406 (4th Cir.1982); *Famalias Unidas v. Briscoe,* 619 F.2d 391, 403 (5th Cir.1980). Since the complaint did not properly allege that the constitutional deprivations resulted from the execution of any policy or custom on the part of the City, Superintendent Rice cannot be liable in his official capacity. For these reasons, defendant Rice's motion to dismiss Rice from Counts II and III for failure to state a claim is granted.

### CONCLUSION

Plaintiffs' complaint fails to sufficiently allege a municipal policy, practice or custom which is causally linked to any constitutional violation. That complaint, therefore, does not state a claim against defendants City of Chicago and Superintendent Rice.

Accordingly, this Court grants the City of Chicago's and Superintendent Rice's motion to dismiss Count I in its entirety and to dismiss the City of Chicago and Superintendent Rice from Counts II and III.

IT IS SO ORDERED.