**Michael ALVARADO, Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 86 C 3555.**

United States District Court,
N.D. Illinois, E.D.

Dec. 11, 1986.

Daniel P. Soso, Chicago, Ill., for plaintiff.

Judson H. Miner, Acting Corp. Counsel, City of Chicago by Maria C. Campo and James Convery, Asst. Corp. Counsel, Labor and Personnel Div., Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiff brings this action against multiple defendants. Plaintiff alleges that defendants deprived plaintiff of various constitutional rights. Plaintiff seeks relief under 42 U.S.C. § 1983.

Presently before this court is defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6). For the reasons stated below, defendants' motion is denied in part and granted in part. The following defendants are dismissed from this action: City of Chicago, Police Board of the City of Chicago, Fred Rice, Jesse Hoskins, Ronald Picur and Cecil Partee. The claims against the remaining two defendants, James Cleary and Robert Curry, are dismissed to the extent they relate to the defendants' official capacities. However, the claims against the remaining two defendants remain viable to the extent they relate to the defendants' personal capacities.

## FACTS

All well-pleaded facts are taken as true for purposes of this motion.

Plaintiff was a Chicago policeman from May 16, 1975 until November 22, 1985. On November 22, 1985, plaintiff conferred with two police officers from the police department's Internal Affairs Division. These officers were defendants Curry and Cleary. During the conference, these officers threatened plaintiff with criminal prosecution if plaintiff would not resign from his position with the Chicago Police Department. Alternatively, Cleary and Curry threatened to confiscate plaintiff's police star, revoke plaintiff's police powers and assign plaintiff to the "radio room" in the event plaintiff refused to resign.

On November 22, 1985, plaintiff involuntarily resigned from the police department while acting under duress.

On December 13, 1985, plaintiff notified the Department of Personnel that he considered his resignation null and void because it was signed under duress. On January 21, 1986, Fred Rice refused to consider the plaintiff as a member of the police department.

## DISCUSSION

### A. *City of Chicago and the Police Board of the City of Chicago*

Plaintiff believes that the Complaint states a § 1983 claim against the City of Chicago and the Police Board. The Complaint implicitly alleges that two police officers violated plaintiff's constitutional rights while implementing an unconstitutional municipal policy. In particular, plaintiff tacitly contends that the single unconstitutional event alleged was sufficient to establish a *Monell* "policy" allegation. This court disagrees.

Several requirements must be met to state a claim for municipal liability pursuant to 42 U.S.C. § 1983. First, the complaint must allege that the plaintiff was deprived of a constitutional right. Second, the plaintiff must plead that the constitutional deprivation was caused by a government official acting in accordance with a municipal policy or custom. *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2417, 85 L.Ed.2d 791 (1985); *Monell v. New York City*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In addition, boilerplate assertions of municipal liability, without sufficient factual allegations to support those assertions, do not state a § 1983 claim against a municipality. *Rodgers v. Lincoln Towing Services, Inc.*, 771 F.2d 194, 202 (7th Cir.1985). Alleging a specific incident of constitutional deprivation and generally alleging that the deprivation resulted from custom or policy are not adequate. In general, the plaintiff must allege a specific pattern or series of incidents that support the general allegation. *Hossman v. Blunk*, 784 F.2d 793 (7th Cir.1986).

In the instant case, plaintiff fails to sufficiently plead a § 1983 action. Plaintiff does not meet the "policy" requirement of *Monell*. The Complaint does not maintain that plaintiff's constitutional rights

were deprived as the result of city police officers acting pursuant to any policy, custom or practice. Instead, plaintiff claims he was deprived of his rights as a result of the City's failure to "properly train, supervise, regulate, discipline or to otherwise control their employees and the failure to promulgate proper guidelines for the resignation and/or termination of employees and the continued failure to discipline or reprimand those who use threats of prosecution to force the resignation(s) of employees."

The fundamental question before this court is whether plaintiff's allegation of a single isolated incident of constitutional deprivation is sufficient to state a § 1983 claim against a municipality. The United States Supreme Court recently addressed this issue in *Pembaur v. City of Cincinnati,* —— U.S. ——, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). In *Pembaur,* the Supreme Court was confronted with the issue of whether, and under what circumstances, a single incident resulting from a direct command by municipal policymakers may satisfy the *Monell* "policy" requirement. The *Pembaur* Court held that municipal liability under § 1983 attaches to a single isolated incident when—and only when—a deliberate choice to follow a course of action is made from among various alternatives by the official responsible for establishing final policy with respect to the subject matter in question.

This court finds that plaintiff's allegation of an isolated incident of constitutional deprivation fails to state a § 1983 claim against either the City of Chicago or the Police Board. This court requires more than a conclusory assertion that improper training and supervising caused unconstitutional conduct in a § 1983 action. This court believes a "policy" generally implies a course of action consciously chosen from among various alternatives. Plaintiff does not claim the present policy toward terminated police officers resulted from a conscious choice to improperly train and supervise active policemen. In addition, the Complaint fails to plead that any policymaker deliberately chose a program intend-

ed to improperly train and supervise active police officers. Next, plaintiff does not allege any deliberate supervisory indifferences or that any policymaker was grossly negligent in his actions. In sum, plaintiff failed to plead a "policy" that constitutes a moving force behind the police officers' subsequent unconstitutional conduct.

For these reasons, defendants City of Chicago and the Police Board's motion to dismiss is granted.

B. *Individual Defendants in their Official Capacities*

■ Plaintiff chose to sue the remaining defendants in both their official and personal capacities. All defendants move to dismiss plaintiff's claim against them in their official capacities. This court grants defendants' motion to dismiss for the following reasons.

Actions for damages against a party in his official capacity are, in essence, actions against the municipality of which the officer is an agent. *Alvarez v. City of Chicago,* 633 F.Supp. 1361, 1365 (N.D.Ill.1986). Thus, damages may be awarded against a defendant in his official capacity only if such damages would be available against the municipality itself. *Brunken v. Lance,* 799 F.2d 337 (7th Cir.1986). Since the Complaint did not properly allege that the constitutional deprivations resulted from the execution of any policy or custom on the part of the City, the remaining defendants cannot be liable in their official capacity. For these reasons, defendants' motion to dismiss for failure to state a claim is granted.

C. *Individual Defendants in their Personal Capacities*

Plaintiff is required to satisfy two requirements to state a § 1983 claim against an individual. First, the Complaint must allege that plaintiff was deprived of a federally protected right. Second, plaintiff must allege that the person who deprived plaintiff of the federally protected right acted under the color of state law. *Gomez v. Toledo,* 446 U.S. 635, 638, 100 S.Ct. 1920, 1922, 64 L.Ed.2d 572 (1980).

In the instant case, plaintiff chose to sue the individual defendants in their personal capacities. Therefore, plaintiff must satisfy an additional pleading requirement. The Complaint must charge the individual defendants with personal wrongdoing. *Duckworth v. Franzen,* 780 F.2d 645 (7th Cir.1985). Section 1983 does not recognize a doctrine of superior's liability. *McKinnon v. City of Berwyn,* 750 F.2d 1383, 1390 (7th Cir.1984). So an individual defendant cannot be held liable for the torts of his subordinates.

Plaintiff failed to allege that the following defendants engaged in any personal wrongdoing: Cecil Partee, Ronald Picur, Jesse Hoskins and Fred Rice. Consequently, the claims against these defendants must be dismissed to the extent they relate to defendants in their personal capacities.

Plaintiff sufficiently alleged that two defendants, Curry and Cleary, engaged in personal wrongdoing. In addition, plaintiff alleges that he was deprived of his constitutional rights. Finally, plaintiff alleged that these two defendants deprived plaintiff of his rights while acting under the color of state law. Accordingly, this court denies defendants Curry and Cleary's motion to dismiss plaintiff's claims to the extent they relate to these defendants in their personal capacities.

## CONCLUSION

The following defendants are dismissed from this action: City of Chicago, Police Board of the City of Chicago, Fred Rice, Jesse Hoskins, Ronald Picur and Cecil Partee. The claims against the remaining two defendants, James Cleary and Robert Curry, are dismissed to the extent they relate to the defendants' official capacities. However, the claims against these two defendants remain viable to the extent they relate to the defendants' personal capacities.

IT IS SO ORDERED.