**Ralph A. OKORO, Plaintiff,**

v.

**JACKSON COUNTY NURSING HOME, Richard A. Ligon, Jackson County Board, Robert L. Koehn, June Borgsmiller, Joann Groves and Norma Gualdoni, Defendants.**

Civ. No. 87–4294.

United States District Court,
S.D. Illinois,
Benton Division.

July 13, 1988.

Ralph A. Okoro, Chicago, Ill., pro se.

Melvin L. Raymond, St. Louis, Mo., for plaintiff.

Charles E. Schmidt, Mitchell, Brandon & Schmidt, Carbondale, Ill., John R. Clemons, State's Atty., Murphysboro, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This matter is before the Court on defendants Jackson County Nursing Home, Richard Ligon, Jackson County Board and Robert Koehn's Motion to Dismiss (Document No. 16) (hereinafter Jackson County defendants) and defendants Borgsmiller, Groves and Gualdoni's Motion to Dismiss (Document No. 18) (hereinafter Nursing Home defendants). Although the two motions differ somewhat, they will both be dealt with in this Order.

The Jackson County Defendants' Motion

These defendants urge the Court to dismiss plaintiff's claims against them in part because they may be barred by the statute of limitations and in part, apparently, for failure to state a claim for which the requested relief can be granted. Because the limitations issues are also applicable to the Nursing Home Defendants, these points will be dealt with in that section of this Order.

■ As to the emotional distress and pre-judgment interest issues, the Court finds these points without merit. It is well established in this circuit that a plaintiff may recover money damages for emotional distress under § 1981. *See Ramsey v. American Air Filter Co., Inc.*, 772 F.2d 1303 (7th Cir.1985), *Hunter v. Allis-Chalmers Corp., Engine Division*, 797 F.2d 1417 (7th Cir.1986), *Reeder-Baker v. Lincoln National Corp.*, 649 F.Supp. 647 (N.D.Ind.1986), *affirmed* 834 F.2d 1373 (7th Cir.1987). Furthermore, prejudgment interest is allowable on back-pay damages.

*Hunter v. Allis-Chalmers Corp.*, supra. For these reasons, the Jackson County Defendants' motion is denied on these points.

The Nursing Home Defendants' Motion

■ This group of defendants asserts: 1) that because they were not named in plaintiff's original EEOC complaint, they are not proper Title VII defendants in this case, and 2) that plaintiff's § 1981 and § 1983 claims are barred by the statute of limitations. Plaintiff Okoro filed his initial charge of discrimination January 4, 1985, against the Jackson County Nursing Home, not specifically naming defendants Borgsmiller, Groves, or Gualdoni as the persons who discriminated against him. After receiving his "right to sue" letter on May 22, 1987, Okoro then filed a civil complaint in this Court on August 20, 1987, against the Jackson County Nursing Home and the Jackson County Government, again not specifically naming any of the instant defendants as a party defendant. It was not until the filing of his first Amended Complaint on February 9, 1988, that these individuals were actually named. These defendants now assert that because they were not specifically charged in the complaint filed with the EEOC nor in plaintiff's *pro se* complaint, they are not amenable to a Title VII claim.

■ EEOC charges are to be construed with the "utmost liberality" and parties sufficiently named or alluded to in the factual statement are to be joined. *Eggleston v. Chicago Journeymen Plumbers, etc.*, 657 F.2d 890, 906 (7th Cir.1981), *see also, Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 864 (7th Cir. 1985). Where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party. *Eggleston, supra*, 657 F.2d at 905.

Here, in the factual statement of the EEOC charge, Okoro specifically named defendants Groves and Gualdoni as two of the individuals that discriminated against

him, as well as alluding to other "supervisors." Likewise, in his *pro se* complaint both Groves and Gualdoni as well as other "supervisors" were again named as the parties that discriminated against him. Applying *Eggleston, supra,* the Court finds that defendants Borgsmiller, Groves and Gualdoni were provided adequate notice of the Title VII claims against them both in Okoro's EEOC charge and his *pro se* complaint and thus were properly and timely joined in this lawsuit.

 As for the statute of limitations issues, regarding plaintiff's § 1981 and § 1983 claims, the Court finds that May 8, 1985 was when limitations began to run. With respect to § 1983 claims, the Seventh Circuit has held that a plaintiff whose cause of action accrued before *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), April 17, 1985, must file suit within the shorter period of either five years from the date his action accrued or two years after *Wilson. Anton v. Lehpamer,* 787 F.2d 1141, 1146 (7th Cir.1986).

In the case at bar, plaintiff's cause of action accrued May 8, 1985, and thus being post-*Wilson,* Illinois' two year statute of limitations applies. Therefore, Okoro would had to have filed his complaint by May 9, 1987. This he did not do. Since his pro se complaint was not filed until August 20, 1987, and his First Amended Complaint was not filed until February 9, 1988, the Court holds that plaintiff's § 1983 claims against all defendants are barred by the statute of limitations.

 With respect to the § 1981 claims, the Court agrees with plaintiff, especially in light of *Anton, supra,* that the rule of *Anton* would also apply to these claims. *See Vargas v. Salvation Army,* 649 F.Supp. 763, 767 (N.D.Ill.1986). The Supreme Court, in *Goodman v. Lukens Steel Co.,* — U.S. —, 107 S.Ct. 2617, 96 L.Ed. 2d 572 (1987), extended the rule of *Wilson* to § 1981 claims. *Goodman* was decided June 19, 1987, therefore Okoro had to file his § 1981 claim within the shorter period of five years from May 8, 1985, or two years from June 19, 1987. Plaintiff first raised his § 1981 claims in his First Amended Complaint filed February 9, 1988, and therefore was within the shorter of the two periods which would end June 20, 1989. For these reasons the Court concludes that plaintiff's § 1981 claims against all defendants are not barred by the statute of limitations.

Accordingly, the Jackson County Defendants' Motion (Document No. 16) is hereby DENIED in its entirety and the Nursing Home Defendants' Motion (Document No. 18) is DENIED as to those parts relating to the Title VII and § 1981 claims and GRANTED as to the § 1983 claims.

IT IS SO ORDERED.