916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bishop William H. LEWIS, Plaintiff-Appellant,
v.
CITY OF AURORA, a municipal corporation, Defendant-Appellee.
 No. 89-2217.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 9, 1990.*
Decided Oct. 16, 1990.
 
 Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 I.
 
 1
 Bishop William H. Lewis appeals from the dismissal of his case barred by the statute of limitations. On September 27, 1988, Lewis initiated an action in the district court alleging that on April 11, 1984 Lewis' application for a special use permit to engage in church related activities was denied pursuant to a zoning ordinance in effect in the city of Aurora. Lewis alleged that the defendant, City of Aurora, granted special use permit applications of white organizations, but discriminated against non-whites by denying their similar applications for permits. Lewis further alleged that the criminal penalty provided in the ordinance impermissibly interfered with his right to the free exercise of religion. Lewis asserted that the city's conduct violated his rights under the first and fourteenth amendments of the United States Constitution, 42 U.S.C. Secs. 1981 and 1983, and the laws and constitution of the State of Illinois and requested $450,000.00 in compensatory damages from the City of Aurora.
 
 
 2
 The City of Aurora filed a motion to dismiss contending that Lewis' section 1983 claims were barred by the statute of limitations as explained by this court in Anton v. Lehpalmer, 787 F.2d 1141 (7th Cir.1988). The defendant's motion to dismiss was granted, and the entire suit was dismissed on May 10, 1989. Lewis filed a Motion for Reconsideration contending that the district court erred by dismissing his independent claims under 42 U.S.C. Sec. 1981 and the first and fourteenth amendments. The district court denied the motion for reconsideration. Lewis filed a timely notice of appeal.
 
 II.
 
 3
 On appeal, Lewis challenges only the district court's ruling that he cannot maintain an independent cause of action under the first and fourteenth amendments. He does not challenge the district court's finding that his Sec. 1983 action is barred by the two year statute of limitations, nor does he renew his challenge to the dismissal of the Sec. 1981 claim. On review, this court treats the dismissal of the additional claims as a dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This court will accept as true all of Lewis' well-pleaded factual allegations, as well as, all reasonable inferences drawn from them, and affirm the dismissal only if the plaintiff failed to allege any facts upon which relief can be granted. Yeksigian v. Nappi, 900 F.2d 101 (7th Cir.1990).
 
 
 4
 We discussed the interplay between actions brought pursuant to Sec. 1983 and those brought directly under the Constitution in Bieneman v. City of Chicago, 864 F.2d 463 (7th Cir.1988):
 
 
 5
 Actions under Sec. 1983 and those under the principal fount of direct suits, Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), are identical save for the replacement of a state actor (Sec. 1983) by a federal actor (Bivens ). ... When the defendant is a state actor, Sec. 1983 and direct litigation may be interchangeable, the choice between them may be adventitious. There is no reason to have a different period of limitations, and a strong reason not to: any difference would give the plaintiff an incentive to pick whichever jurisdiction provided the longer period, recreating the uncertainty that the Supreme Court sought to eliminate. We conclude, therefore, that there should be a single period of limitations for all suits in which the Constitution supplies the remedy.
 
 
 6
 Bieneman, 864 F.2d at 469.
 
 
 7
 Lewis' Sec. 1983 action was dismissed because it was brought after the two year statute of limitations had expired. Any action that Lewis may have by directly invoking the Constitution is also governed by this two year limitation and is, therefore, untimely. The order of the district court dismissing Lewis' complaint is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record