**James COMER, Plaintiff,**

v.

**INTERSTATE UNITED CORPORATION,**
**Defendant.**

**No. 86 C 8966.**

United States District Court,
N.D. Illinois, E.D.

Nov. 23, 1987.

Daniel H. Smith, Jr., Chicago, Ill., for plaintiff.

Max G. Brittain, Jr., Marcia Goodman, Kovar Nelson & Brittain, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

### Facts

On November 18, 1986, James Comer ("Comer") filed a *pro se* complaint alleging a cause of action for employment discrimination. In his complaint, Comer asserted that he had complied with all Title VII jurisdictional prerequisites. *See* Complaint, ¶ 1. However, the face of his complaint belied this assertion. Specifically, Comer alleged that on April 15, 1985 he received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") and filed his suit within 90 days thereof. *See* Complaint, ¶ 2. November 18, 1986, the day Comer filed his complaint, is well without the Title VII 90–day filing requirement. 42 U.S.C.A. § 2000e–5(f)(1). Although the Court could

have dismissed the complaint for lack of subject matter jurisdiction, it did not. Instead, when Comer failed to appear at a status hearing, the Court dismissed the case for want of prosecution. *See* Order of January 23, 1987.

On April 2, 1987, Comer filed a motion to vacate the dismissal and to file an amended complaint. Comer's first attorney, Willis E. Brown ("Brown"), also requested leave to file an appearance. On April 7, 1987, the Court granted the motions and ordered Comer and his attorney to file the amended complaint by April 21, 1987. Comer did not comply with this order; however, his non-compliance did not prevent him from attempting to serve a summons and first amended complaint upon the defendant, Interstate United Corporation ("Interstate United").

While attempting to serve Interstate United, Comer and his attorney ran afoul of several procedural rules. Because they had not filed the first amended complaint with the Court, no summons was issued. Fed.R.Civ.P. 4(a). Because Comer and his attorney did attempt to serve Interstate United without filing the first amended complaint with the Court, this Court must conclude that the first amended complaint was served with the summons issued with the original complaint. The summons issued with the original complaint was invalid because the original summons and complaint were not served upon Interstate United within 120 days as required by rule 4(j). Fed.R.Civ.P. 4(j). Furthermore, Comer and his attorney attempted to serve Interstate United by mail in accordance with rule 4(c)(2)(C)(ii). Fed.R.Civ.P. 4(c)(2)(C)(ii). However, Comer and his attorney did not send any notice and acknowledgement form as required by the rule. *See* O'Callaghan Affidavit, ¶ 3. Despite these transgressions, on June 19, 1987, the Court allowed Comer to file a first amended complaint instanter and granted him leave to file a second amended complaint to correct typographical errors. *See* Order of June 19, 1987; Plaintiff's Motion to File a Sec-

ond Amended Complaint, ¶¶ 2–4. The second amended complaint alleged that Comer had received his right to sue letter on August 15, 1986 rather than April 15, 1985 as was alleged both in the original and first amended complaints.[1]

On June 25, 1987, this case was transferred from the calendar of Judge Aspen to the calendar of this Court. On July 7, 1987, this Court ordered counsel to prepare and file a written, joint status report on or before July 20, 1987 and to appear for an initial status hearing on July 29, 1987. Plaintiff's counsel did not file the status report until July 29, 1987. At that time, Comer's attorney represented to this Court that Comer had terminated his services. On August 11, 1987, Brown filed a motion to withdraw and for substitution of counsel; however, neither Brown nor Daniel H. Smith, Comer's substituted counsel, appeared. Consequently, this case was dismissed for a second time by Judge Holderman, who was hearing this Court's motions on that date. However, Judge Holderman granted the plaintiff leave to reinstate on or before August 19, 1987 on the condition that he file a response to Interstate United's motion to dismiss. *See* Order of August 12, 1987. Plaintiff's attorney did not comply with that order.

On August 26, 1987, Daniel H. Smith, Comer's substituted counsel, filed his appearance on behalf of the plaintiff, a motion to vacate the dismissal of the second amended complaint and to file plaintiff's response to defendant's motion to dismiss. This Court granted these motions and ordered plaintiff to file a memorandum in support of plaintiff's response to defendant's motion to dismiss by September 23, 1987. *See* Order of August 26, 1987. In addition, Comer's counsel presented a motion to amend the second amended complaint so that the complaint would contain an allegation that Comer had received his right to sue letter from the EEOC on August 23, 1986 rather than August 15, 1986.

---

1. Despite the correction, the complaint, as amended, failed to allege any basis for the Court to exercise subject matter jurisdiction because

Comer did not file his complaint within 90 days of receiving a right-to-sue letter from the EEOC.

This Court granted plaintiff's motion to amend.

This change in date is very significant to Comer's case. If the August 15, 1986 date were to remain as an allegation in the complaint, Comer's complaint, on its face, would demonstrate that this Court lacked jurisdiction to hear this action because plaintiff would not have complied with the jurisdictional prerequisite of filing this action within 90 days of receipt of the right to sue letter. However, by inserting the August 23, 1986 date in the jurisdictional allegation, plaintiff facially complies with the Title VII jurisdictional prerequisites.

On September 3, 1987, Interstate United filed a motion to vacate this Court's orders of August 26, 1987, to deny plaintiff's motions presented that day and for sanctions pursuant to rule 11. Fed.R.Civ.P. 11. In support, Interstate United informed this Court that it had not received notice of the motions.[2] Interstate United argued that the lack of notice deprived it of the opportunity to object to the motions. This Court denied Interstate United's motion to vacate and took the motion for sanctions under advisement. We ordered the plaintiff to file his memorandum of law in opposition to Interstate United's motion to dismiss by September 23, 1987 in accordance with this Court's previous order. Again, plaintiff did not comply with this Court's order.[3] Accordingly, we decide the motion to dismiss without the benefit of any memorandum of law from plaintiff.

## DISCUSSION

### I. COUNT I

■ In count I of his second amended complaint, Comer alleges that Interstate United discriminated against him in violation of Title VII. 42 U.S.C. § 2000e. Comer, who is black, alleges that Interstate United failed to promote him, failed to give him severance pay and failed to pay him an incentive bonus although similarly-situated white employees were promoted, given severance pay and paid incentive bonuses. Although Interstate United disputes these allegations, it has filed its motion to dismiss because it asserts that this Court does not have jurisdiction to hear this case.

In support of its motion to dismiss, Interstate United directs this Court's attention to the numerous amendments plaintiff has made to his complaint. When originally filed, Comer asserted that he received a right to sue letter from the EEOC on April 15, 1985, one year and seven months before he filed his complaint. On June 19, 1987, after defendant's counsel informed Comer that the allegations in the first amended complaint demonstrated that the Court lacked subject matter jurisdiction, Comer amended his complaint to allege that he had received his right to sue letter on August 15, 1986. Despite this amendment, Comer still had not alleged facts which would invoke this Court's jurisdiction. Consequently, Interstate United filed its motion to dismiss. Instead of responding to this motion, Comer again amended his complaint. This time, Comer alleged that he received the right to sue letter on August 23, 1986. With this amendment, Comer facially complied with the 90–day filing requirement. Nevertheless, Interstate United has demonstrated that this allegation is completely false and the true facts

---

**2.** This Court notes that although plaintiff's counsel did file a notice of motion with this Court, the notice was defective in three respects. First, the notice of motion was a marked-up photocopy of a notice filed with one of plaintiff's previous motions instead of an original notice of motion. Second, the notice purported to give notice of plaintiff's motion to vacate on August 26, 1987, the day that plaintiff's counsel presented the motions to this Court. A movant is required to give all parties notice of any motions he wishes to present to this Court at least two business days prior to the day on which the movant plans to appear. Local Gen.R. 12(a).

Third, although plaintiff's counsel apparently altered the notice of motion so that it stated that notice was given on August 26, 1987, he failed to change the date on the certificate of service. Therefore, this Court must conclude that, in contravention of Fed.R.Civ.P. 5(a), plaintiff's counsel did not properly notify the defendant of the motions plaintiff's counsel planned to present to this Court on August 26, 1987.

**3.** Plaintiff's counsel also failed to appear at status hearings held on October 26, 1987 and November 23, 1987.

demonstrate that this Court does not have jurisdiction to hear Comer's Title VII claim.

The facts and the case law cited in defendant's memoranda require this Court to dismiss count I of plaintiff's second amended complaint. In its amended motion to dismiss, Interstate United attached a copy of a certified mail receipt which demonstrates that Comer actually received his right to sue letter on August 18, 1986. Although the notice of right to sue clearly advised Comer of the Title VII 90–day filing requirement, Comer did not file his complaint until November 18, 1986, 92 days after he had received the notice of his right to sue. Comer has not invoked this Court's jurisdiction because he failed to adhere to the Title VII filing requirement. *See, Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). Accordingly, we dismiss count I of his second amended complaint.

## II. COUNT II

■ In count II of his second amended complaint, Comer seeks redress for Interstate United's unlawful discrimination under section 1981, 42 U.S.C. § 1981, and the Fourteenth Amendment.[4] Comer has alleged no state action; therefore, the Fourteenth Amendment provides no basis for relief. *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed.2d 1161 (1948). State action, however, is not a jurisdictional prerequisite to suit under section 1981. Therefore, section 1981 provides plaintiff with an independent basis for this suit against defendant. *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

Relying on the Supreme Court's recent decision in *Goodman v. Lukens Steel Co.,* — U.S. ——, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), *affirming* 777 F.2d 113 (3d Cir. 1986), Interstate United argues that Comer's section 1981 claim must be dismissed because it is time-barred. In *Goodman,* the Supreme Court held that because section 1981 does not contain an explicit statute of limitation, a district court must apply the statute of limitations for personal injury actions to claims brought under section 1981. *Id.,* — U.S. at ——, 107 S.Ct. at 2618. In Illinois, the statute of limitations for personal injury actions is two years. Ill.Rev.Stat. ch. 110, para. 13–202 (1985). Interstate United argues that Comer did not commence this action until June 18, 1987, the date that Comer served Interstate United with the first amended complaint. Thus, Interstate United argues that Comer did not comply with the applicable statute of limitations and that this Court should dismiss this cause.

In fact, in *Sentry Corp. v. Harris,* 802 F.2d 229 (7th Cir.1986), *cert. denied* — U.S. ——, 107 S.Ct. 1624, 95 L.Ed.2d 199 (1987), the Seventh Circuit Court of Appeals held that Fed.R.Civ.P. 3 governs when federal question cases which do not have an explicit statute of limitations are commenced for statute of limitations purposes. Hence, Comer's case was commenced for statute of limitations purposes on November 18, 1986. *Id.,* 802 F.2d at 233. While the Court of Appeals acknowledged that "Fed.R.Civ.P. 3 does not expressly state that filing ... [a] lawsuit 'tolls' the statute of limitations, [the Court found that] the import of the language is clear that once the plaintiff has filed the complaint, he has done all that is necessary to 'get the ball rolling' ... in terms of the statute of limitations." *Id.,* 802 F.2d at 235. In asserting that this case did not commence until June 18, 1987, Interstate United implicitly argues that Comer's case abated when he failed to perfect service and, because the two-year statute of limitations had run before he could refile, his case was time-barred. However, the Court need not pass on this issue. Although we acknowledge that Illinois' two-year limitation for personal injury actions applies to section 1981 claims filed since the *Goodman* decision, the rationale of *Goodman* and the Seventh Circuit Court of Appeals'

---

**4.** In addition to the acts of discrimination alleged in count I, Comer also complains that Interstate United reimbursed his moving expenses for a lesser amount than Interstate United reimbursed similarly-situated white employees.

decision in *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir.1986), persuade this Court that Comer's section 1981 action is not time-barred.

In *Goodman*, the Supreme Court held that district courts should apply the statute of limitations for personal injury actions to section 1981 actions. After examining the issue of applying its ruling retroactively in accordance with its decision in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971),[5] the Supreme Court applied Pennsylvania's two-year personal injury statute of limitations to the case before it. The Supreme Court specifically found that when the case before it was filed, there was no clear precedent regarding the statute of limitations on which petitioners relied. *Goodman*, —— U.S. ——, 107 S.Ct. at 2618. Consequently, the Supreme Court found that it should follow the customary rule and decide the case before it in accordance with the law existing when it renders its decision.

In *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir.1986), the Seventh Circuit, applying the *Chevron* factors, refused to apply retroactively the statute of limitations bar announced in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), to section 1983 actions which had accrued before the *Wilson* decision.[6] Applying the first *Chevron* factor, the Seventh Circuit found that the *Wilson* decision overruled clear past precedent, which had established that the five-year residual statute of limitations applied to section 1983 actions, upon which litigants were entitled to rely. *An-*

*ton*, 787 F.2d at 1143–44. Applying the second *Chevron* factor, the Seventh Circuit found that prospective application of *Wilson* helped to safeguard the rights of federal civil rights litigants. The Seventh Circuit also found that prospective application of *Wilson* neither hampered nor furthered interests in uniformity or reduced litigation. *Id.*, 787 F.2d at 1145. Because *Wilson* did not mandate a specific limitations period, prospective application of *Wilson* would not hamper the uniformity of the law which the Supreme Court sought to achieve with its decision.[7] In addition, the Seventh Circuit found that prospective application of *Wilson* would not create any unnecessary litigation because pre-*Wilson* section 1983 actions would be governed by the five-year residual statute of limitations and post-*Wilson* section 1983 actions would be governed by the two-year personal injury statute of limitations. *Id.* Applying the third *Chevron* factor, the Seventh Circuit found that "[r]etroactive application of *Wilson* would not serve justice and would impose a hardship on those plaintiffs who had actually pursued their section 1983 claims." *Id.*, 787 F.2d at 1145–46.

The reasoning of the Seventh Circuit in *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir.1986), applies equally to this case and to the issue regarding prospective application of *Goodman*, —— U.S. ——, 107 S.Ct. 2671, 96 L.Ed.2d 572 (1987), *affirming* 777 F.2d 113 (3d Cir.1986). Applying the *Chevron* factors, this Court finds that *Goodman* should be given prospective application and

---

**5.** The first *Chevron* factor requires that a decision will be applied prospectively where the decision establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron*, 404 U.S. at 106, 92 S.Ct. at 355, 30 L.Ed.2d 296. The second *Chevron* factor requires courts to "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355, 30 L.Ed.2d 296. The third *Chevron* factor requires courts to weigh the "inequity imposed by retroactive application." *Chevron*, 404 U.S. at 107, 92 S.Ct. at 355, 30 L.Ed.2d 296.

**6.** When it decided *Wilson*, the Supreme Court identified three interests its decision promoted: first, the decision helped safeguard the rights of federal litigants; second, the decision promoted uniformity and certainty; and third, the decision would reduce unnecessary collateral litigation. *Wilson*, 471 U.S. at 276, 280, 105 S.Ct. at 1947, 1949, 85 L.Ed.2d 254 (1985).

**7.** In deciding *Wilson*, the Supreme Court, applying federal law, characterized section 1983 actions as personal injury actions. *Wilson*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Thus, the Seventh Circuit concluded that the Supreme Court sought to achieve uniformity regarding the *type* of limitations applicable to section 1983 actions. *Anton*, 787 F.2d at 1145.

that plaintiff's section 1981 claim is not time-barred.

In this case, as in *Anton,* a Supreme Court decision dramatically alters the law regarding the applicable statute of limitations for a federal civil rights action. Prior to the *Goodman* decision, the Seventh Circuit had applied the five-year contract statute of limitations to section 1981. *Waters v. Wisconsin Steel Works,* 427 F.2d 476 (7th Cir.) *cert. denied,* 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970). Interstate United argues that the *Wilson* decision should have put section 1981 litigants on notice of the impending change in the law. This Court, however, is persuaded that Comer's reliance on the five-year contract statute of limitations was not misplaced. In fact, prior to the Supreme Court's decision in *Goodman,* the Seventh Circuit had declined to apply a shorter limitations period to section 1981 claims in light of *Wilson. See Nazaire v. Trans World Airlines, Inc.,* 807 F.2d 1372, 1380 n. 5 (7th Cir.1986), *cert. denied* — U.S. ——, 107 S.Ct. 1979, 95 L.Ed.2d 819 (1987). Thus, in this circuit, *Goodman* established "a new principle of law ... by overruling clear past precedent on which litigants may have relied." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355, 30 L.Ed.2d 296.

Consistent with the *Anton* decision, this Court finds that the second *Chevron* factor warrants prospective application of the *Goodman* decision. First, prospective application will further safeguard the rights of federal civil rights litigants. Second, *Goodman,* like *Wilson,* achieves uniformity in the law by characterizing a section 1981 action for statute of limitations purposes as an action for personal injury. Yet, despite section 1981's uniform character, different limitations periods necessarily will apply depending upon the law of the state in which the district court hearing the case sits. Consequently, the uniformity that *Goodman* seeks to achieve is not impaired by applying the five-year contract statute of limitations to pre-*Goodman* section 1981 actions and the two-year personal injury statute of limitations to post-*Goodman* section 1981 actions. Finally, this Court, weighing the equities, finds that

prospective application would serve justice while retroactive application would impose an undue hardship on litigants who have filed their section 1981 claims outside of the *Goodman* two-year bar but within the five-year contract bar. In accordance with the principles announced in *Chevron,* this Court finds that the *Goodman* decision should not be applied retroactively in this case.

■■■ This Court recognizes that Comer and his attorneys have not pursued his discrimination claims as zealously as the petitioner in *Anton* had. *See Anton,* 787 F.2d at 1145–46 (7th Cir.1986). Yet, when Comer filed his suit, he had complied with the prevailing statute of limitations for section 1981 actions. Thus, Comer's section 1981 claim is not time-barred. However, on its own motion, this Court dismisses count II of the second amended complaint for want of prosecution. This Court has warned plaintiff's attorney that unless this action is diligently prosecuted, this Court would dismiss the action with prejudice. For the reasons stated below, we dismiss count II of plaintiff's second amended complaint.

Through his conduct of this litigation, plaintiff's attorney has demonstrated that he has no intention of prosecuting this action. First, plaintiff's attorney failed to appear when Judge Holderman heard his motion to substitute as counsel in this case. *See* Order of August 12, 1987. Judge Holderman granted plaintiff's attorney leave to reinstate on or before August 19, 1987 provided that he file plaintiff's response to defendant's motion to dismiss. *Id.* Plaintiff's attorney did not comply with that order. *See* Order of August 20, 1987. When plaintiff's attorney moved to vacate the dismissal and to file plaintiff's response to defendant's motion to dismiss, we granted his motions. Subsequently, this Court learned that plaintiff's attorney did not notify defendant that he planned to appear before this Court. *See supra* n. 2. Nevertheless, this Court did not vacate its grant of plaintiff's motions. We did order plaintiff's attorney to file plaintiff's memorandum in response to defendant's motion

to dismiss by September 23, 1987. *See* Order of September 3, 1987. Plaintiff's attorney again disregarded this Court's order. Finally, plaintiff's attorney has failed to appear at status hearings held by this Court on October 26, 1987 and November 23, 1987. Accordingly, we dismiss count II of plaintiff's second amended complaint for want of prosecution.[8]

### III. COUNT III

In count III, Comer predicates his claims for relief on state law. Comer alleges that Interstate United breached its employment contract with him. Interstate United advances both procedural and substantive arguments in support of its motion to dismiss count III. Because we find that Comer has not stated a claim for the breach of an employment contract, this Court dismisses count III.[9]

■ In his complaint, Comer states that his state law claim is based on an oral agreement concluded in August, 1980. There are no allegations regarding the place of negotiation or execution. The alleged agreement was performed in at least two states, one of which was Florida. The parties assume that Illinois law applies. The second amended complaint, however, contains allegations which indicate that Florida law applies. Specifically, Comer alleges that Interstate United followed a practice of retaining employees from one evaluation period to the next evaluation period if an employee received a satisfactory evaluation. Thus, Comer implicitly argues that the oral agreement was renewed upon receipt of a satisfactory evaluation for a period ending with the next evaluation. During the last year of his employment, Comer worked in Interstate United's Florida office. Thus, the renewed agreement would most likely be governed by Florida law because Florida was the state of negotiation, execution and performance. In this case, the result is not affected by this Court's choice of law. Under both the law of the State of Illinois and the law of the State of Florida, count III must be dismissed.

■ In Illinois, unless a period of duration is specified, employment generally is at will and terminable at any time by either party for any reason. *See Duldulao v. Saint Mary of Nazareth Hospital Center,* 115 Ill.2d 482, 489, 106 Ill.Dec. 8, 12, 505 N.E.2d 314, 318 (1987). Comer alleges in his complaint that he entered into an oral agreement in August, 1980 in which he agreed to perform services for Interstate United and Interstate United "agreed to retain the plaintiff as an employee as long as it is mutually and economically agreeable for the parties." Giving this term of the parties' alleged agreement its natural meaning, this Court must conclude that the parties did not agree on a specific duration. To the contrary, the employment "contract" is a classic example of employment at will.[10]

Under Florida law, unless an agreement contains a definite term or a term is established by custom, the employment is indefinite and terminable at the will of either party. *See Caster v. Hennessey,* 727 F.2d 1075, 1077 (11th Cir.1984). Furthermore, Florida's intermediate appellate court has rejected the notion that a policy or practice of providing annual reviews could create a series of periodic employment contracts. *See Muller v. Stromberg Carlson Corp.,* 427 So.2d 266 (Fla.App. 2 Dist.1983). Thus, Comer's claim fails to state a claim under Florida law. Accordingly, this Court dis-

---

8. We note that this cause has been dismissed for want of prosecution on two previous occasions. On January 23, 1987, Judge Aspen dismissed this case for want of prosecution. On August 11, 1987, Judge Holderman, who was hearing this Court's motions on that date, dismissed this case for want of prosecution.

9. Because this Court dismisses count III on its merits, we do not reach the procedural argument raised by defendant.

10. Under Illinois law, payment of a salary on an annual basis does not create a contract for a specific duration. Furthermore, neither the expectation of an annual bonus nor the promise of an annual review gives rise to an enforceable contract. *See Medina v. Spotnail, Inc.,* 591 F.Supp. 190, 197 (N.D.Ill.1984). (Citations omitted).

misses count III of plaintiff's second amended complaint.

## IV. RULE 11 SANCTIONS

██ Interstate United has moved for sanctions against Comer's attorney pursuant to rule 11, Fed.R.Civ.P. 11, because of his blatant misrepresentation of the facts giving rise to this Court's jurisdiction over the Title VII claim and his failure to properly notify defendant's counsel of motions filed with this Court. Because this Court finds that Comer's attorney filed pleadings which were not reasonably based on the law or in fact, we grant Interstate United's motion for sanctions and order defendant's counsel to submit a verified statement of costs, including attorney's fees, incurred since August 26, 1987.

Pursuant to rule 11, this Court may sanction an attorney or a party who files pleadings which are not reasonably based on the law or in fact, or are meant to harass or cause unnecessary delay.[11] In *Brown v. Federation of State Medical Boards of the United States,* 830 F.2d 1429, 1437 (7th Cir.1987), the Seventh Circuit adopted a two-step analysis to evaluate the propriety of imposing sanctions under rule 11. First, a court must specify its reasons for finding that certain conduct is sanctionable. Second, a court must fashion a sanction which appropriately serves the purposes of rule 11 and which specifies how monetary sanctions are computed.[12]

Under rule 11, a court may sanction an attorney or a party for prosecuting frivolous litigation. *Brown,* 830 F.2d at 1435.

For purposes of rule 11, litigation is deemed "frivolous" where an attorney or a party fails to make a reasonable inquiry into the facts or the law. *Id.* In this case, Comer's attorney violated rule 11's proscription against frivolous litigation when he filed a motion to amend the second amended complaint so that it would contain an allegation that Comer had received his right to sue letter on August 23, 1986 rather than August 15, 1986. Comer's attorney obviously did not make a reasonable inquiry into the facts. A copy of the signed, certified mail receipt, contained in Comer's EEOC file, irrefutably establishes that Comer received his right to sue letter on August 18, 1986 and that his case was not filed in a timely manner. Before amending the complaint, plaintiff's attorney should have reviewed the EEOC file. He did not. Thus, despite Interstate United's diligence in informing plaintiff's attorney of the jurisdictional defects in the complaint, plaintiff's attorney, through his lack of inquiry into the facts, prolonged a portion of this litigation unnecessarily. This Court concludes that, at best, plaintiff's attorney failed to make a reasonable inquiry as to the facts, and, at worst, knowingly misrepresented the jurisdictional predicates of this Court's jurisdiction over count I. Such conduct is subject to sanctions under rule 11. *See Van Berkel v. Fox Farm & Road Machinery,* 581 F.Supp. 1248 (D.Minn.1984).

Under rule 11, this Court may also sanction an attorney or a party who files pleadings which are meant to harass or needlessly delay prosecution of a case. *See Zaldi-*

11. Rule 11 provides in relevant part:
    The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, or represented party, or both, an appropriate sanc-

tion, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
    Fed.R.Civ.P. 11.

12. Because this Court has ordered defendant's attorney to submit a verified statement of costs, including attorney's fees, incurred since August 26, 1987, we will issue a separate order to specify how the monetary sanctions are computed. We note that courts have consistently recognized that monetary sanctions are appropriate under rule 11. *See Cheek v. Doe,* 828 F.2d 395, 397 (7th Cir.1987).

*var v. City of Los Angeles,* 780 F.2d 823, 831–32 (9th Cir.1986). On August 26, 1987, plaintiff's attorney filed a motion to vacate a dismissal of this action, a motion to amend the second amended complaint and a motion for leave to file a memorandum in response to defendant's motion to dismiss by September 23, 1987. As we have discussed previously, plaintiff's attorney, in contravention of Fed.R.Civ.P. 5(a) and Local Rule 12(a), did not serve defendant with these motions although they were obviously contested by the defendant. Furthermore, plaintiff's attorney failed to comply with this Court's order which required that he file a memorandum in response to defendant's motion to dismiss on September 23, 1987. *See* Order of August 26, 1987. Finally, plaintiff's attorney failed to appear at the status hearings set for October 26, 1987 and November 23, 1987. Based on the conduct of plaintiff's attorney, this Court concludes that plaintiff's attorney filed the motions in an effort to keep this case pending, never intending to prosecute it unless forced to by this Court. Consequently, this Court concludes that the attorney's conduct is sanctionable because he filed motions for the purpose of needlessly delaying the litigation.

## V. CONCLUSION

For the reasons set forth in this opinion, this Court grants defendant Interstate United's motion to dismiss counts I and III and denies its motion to dismiss count II. On its own motion, this Court dismisses count II for want of prosecution. This Court grants defendant's motion for sanctions pursuant to Fed.R.Civ.P. 11. This Court further orders defendant's attorney to submit a verified statement of costs, including attorney's fees, incurred since August 26, 1987.

IT IS SO ORDERED.