James **COMER**, Plaintiff,

v.

**INTERSTATE UNITED CORPORATION,**
**Defendant.**

**No. 86 C 8966.**

United States District Court,
N.D. Illinois, E.D.

March 7, 1988.

Daniel H. Smith, Jr., Chicago, Ill., for plaintiff.

Max G. Brittain, Jr., Marcia Goodman, Kovar Nelson & Brittain, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

## Facts [1]

On September 3, 1987, defendant, Interstate United Corporation ("Interstate United"), filed a motion for sanctions pursuant to rule 11, Fed.R.Civ.P. 11, against plaintiff, James Comer ("Comer") and his attorney, Daniel H. Smith, Jr. ("Smith").[2] In a memorandum opinion dated November 23, 1987, this Court concluded that Smith had violated rule 11 in two ways. First, Smith failed to discover that the facts demonstrated that this Court did not have jurisdiction to hear Comer's Title VII claim. Second, Smith filed motions for the purpose of needlessly delaying this litigation.

A cursory investigation of the documents contained in Comer's EEOC file irrefutably demonstrated that Comer had not filed his Title VII suit with this Court within the time limits proscribed by Congress. Nevertheless, Smith filed a motion to amend the second amended complaint so that it would contain an allegation purporting to establish this Court's jurisdiction. We concluded that, at best, Smith failed to conduct a reasonable investigation before filing this motion and, at worst, that Smith deliberately misrepresented the jurisdictional facts to this Court. We concluded that Smith violated rule 11 by filing frivolous pleadings.

When Smith filed his motion to amend the second amended complaint, he also filed a motion to vacate this Court's dismissal of this case for want of prosecution and a motion for leave to file a memorandum in response to defendant's motion to dismiss by September 23, 1987. This Court granted these motions. *See* Order of August 26, 1987. This Court later determined that Smith, in contravention of rule 5(a), Fed.R. Civ.P. 5(a), and Local Rule 12(a), failed to serve defendant with these motions although they were obviously contested. Furthermore, Smith made no attempt to file a memorandum in response to defendant's motion to dismiss. *See* Order of August 26, 1987; Order of September 3, 1987. Finally, Smith failed to appear at status hearings set for October 26, 1987 and November 23, 1987. Based upon Smith's conduct, this Court concluded that he filed motions in an effort to keep this litigation pending, never intending to prosecute it unless forced to by this Court. We concluded that Smith's conduct was subject to sanctions under rule 11 because it needlessly delayed the prosecution and conclusion of this litigation.

After finding that Smith's action in this case violated rule 11, this Court ordered Interstate United's attorney to submit a verified statement of costs, including attorneys' fees, incurred since August 26, 1987, the date on which Smith filed the sanctionable motions. While noting that courts have consistently recognized that monetary sanctions are appropriate under rule 11, we deferred ruling on how the monetary sanctions would be computed.

## Discussion

Under *Brown v. Federation of State Medical Boards of the United States,* 830 F.2d 1429, 1437 (7th Cir.1987), district courts are required to state with specificity the reason sanctions are imposed and the manner in which such sanctions are computed. In *Brown,* the Seventh Circuit admonished lower courts to impose the least severe sanctions which would adequately serve the purposes of rule 11. *Id.* Courts often impose sanctions under rule 11 to promote the dual purposes of ensuring that each party bear its own fees and costs and of deterring sanctionable conduct. We find that both purposes are served by an award

---

1. The facts giving rise to rule 11 sanctions are more fully discussed in this Court's previous memorandum opinion. *See Comer v. Interstate United Corp.,* 118 F.R.D. 79 (N.D.Ill.1987) (order dismissing complaint). We specifically incorporate our previous opinion by reference in the event that the appellate court is asked to review the imposition of sanctions in this case.

2. For the record, we note that Smith has been suspended from practice in this District because he submitted false, inaccurate and inflated requests for attorneys' fees to three judges of this District. *See In re Smith,* 83 D 30 (N.D.Ill. Nov. 17, 1987) (opinion of the Executive Committee). Smith's suspension will continue until he pays the promissory note he executed to repay the Administrative Office of the United States Courts the amount by which he was overpaid for his work as a member of the Federal Defender Panel.

in the amount of $2,692.25, which represents the attorneys' fees and costs incurred by the defendant to defend itself in this litigation since August 26, 1987. Had the plaintiff's attorney conducted a reasonably diligent search of the facts and the law of this case, the defendant would not have incurred these costs.

First, as we stated in our prior opinion, this Court did not have jurisdiction to hear count I of Comer's complaint because Comer did not comply with the filing requirements that Congress imposed for Title VII actions. *See Comer v. Interstate United Corp.*, 118 F.R.D. at 82–83. Second, this Court dismissed count III of Comer's complaint, which alleged a state law claim for breach of an employment contract, for failure to state a claim upon which relief could be granted. *Id.*, 118 F.R.D. at 86–87. Thus, count II was the only viable claim contained in Comer's complaint.

On our own motion, we dismissed count II with prejudice for want of prosecution. We concluded that Smith had no intention of prosecuting this litigation unless forced to by this Court. In our prior opinion, we detailed Smith's haphazard and dilatory prosecution of this case. In fact, this Court was only able to force Smith to prosecute this action by requiring Smith to appear and file motions and responses as a prerequisite to this Court vacating its dismissal of this case for want of prosecution. After this case was reinstated, Smith continued to ignore this Court's orders by failing to file a memorandum in response to defendant's amended motion to dismiss and by failing to appear at status hearings before this Court on October 26, 1987 and November 23, 1987. Because we refuse to allow a litigant or his attorney to tax the resources of this Court by prosecuting litigation in the laggard and derelict fashion employed by Smith in this case, we dismissed count II with prejudice for want of prosecution. *Id.*, 118 F.R.D. at 83–86.

By awarding the defendant the fees and costs it expended to appear in this Court to defend itself against frivolous claims, this Court ensures that the proper party bears the cost of prosecuting meritless claims.

By awarding the defendant the fees and costs associated with Smith's reckless prosecution of the remainder of this case, we specifically deter Smith from conducting litigation in this fashion in the future by taxing the costs upon him. Furthermore, by sanctioning the unprincipled conduct of Smith in this case, we encourage other members of the general bar to adhere to a higher standard of conduct when they prosecute litigation in this Court.

### Conclusion

For the reasons stated in this opinion, this Court awards to defendant Interstate United its fees and costs incurred in defending this action since August 26, 1987. We order attorney Daniel H. Smith, Jr. to pay this award personally.

IT IS SO ORDERED.