Leroy SMITH, Jr., Plaintiff,

v.

FIRESTONE TIRE & RUBBER COMPANY, a Corporation, Defendant.

No. 86–3304.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 8, 1988.

Gregory L. Barnes, Decatur, Ill., for plaintiff.

Jones, Day, Reavis & Pogue, Cleveland, Ohio, Armstrong, Winters, Prince, Featherstun & Johnson, Decatur, Ill., for defendant.

## OPINION

MILLS, District Judge:

Statute of limitations.

Applied retroactively?

No.

This action, brought under 42 U.S.C. § 1981, is before the Court on Defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56. Defendant argues that Plaintiff failed to file his action within the appropriate statute of limitations.

This ground for summary judgment presents an issue of first impression in this circuit.

The short answer: Motion denied.

## I. FACTS

Plaintiff, a black male, secured a position with the Firestone Tire and Rubber Company in April of 1981. Plaintiff had previously worked for Firestone in Akron, Ohio, but, due to a plant closing, relocated in Decatur, Illinois, to work at Firestone's plant there as a production supervisor. During Plaintiff's first several years at the Decatur plant, Plaintiff's performance was satisfactory. Beginning in January 1984, however, the quality of Plaintiff's job performance was called into question on a number of occasions. For example, in January 1984, certain batches of defective rubber were manufactured under Plaintiff's supervision. Plaintiff accepted responsibility for this mishap. In June 1984, Plaintiff was observed sleeping on the job. In August 1984, Plaintiff failed to show up for scheduled overtime work. Finally, in September 1984, more defective batches of rubber were produced under Plaintiff's supervision. Following this final incident, Plaintiff was removed from his supervisory position and was reassigned to the bargaining unit. This occurred on or about September 20, 1984. Plaintiff filed this action October 21, 1986, some 25 months later.

Plaintiff contends that his demotion was racially motivated and constituted racial discrimination. Defendant asserts that the decision to demote Plaintiff was based solely on Plaintiff's record of performance at the Decatur plant.

## II. ANALYSIS

Defendant argues that the instant suit is barred by the Illinois two-year personal injury statute of limitations. Ill.Rev.Stat. ch. 110, ¶ 13–202. Defendant bases this argument on the recently decided United States Supreme Court decision of *Goodman v. Lukens Steel Co.,* —— U.S. ——, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). In *Goodman,* the Court held that Pennsylvania's two-year personal injury statute of limitations applied to a suit brought under 42 U.S.C. § 1981. Defendant argues that this decision should be applied retroactively to the instant suit, thus necessitating use of the Illinois two-year personal injury statute of limitations. "As a rule, judicial decisions apply 'retroactively.'" *Solem v. Stumes,* 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984).

For the following reasons, this Court declines to apply *Goodman* retroactively to the case at bar.

In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Court specified the circumstances under which nonretroactivity is appropriate. The Court noted three factors to be considered: (1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether retrospective opera-

tion will further or retard the operation of the rule in question; and (3) whether retroactive application would produce substantial inequitable results. *Id.* at 106–07, 92 S.Ct. at 355–56. Apparently conceding the latter two grounds, Defendant argues only that "Plaintiff in this case clearly cannot satisfy the first requirement of *Chevron,* since *Goodman* [did not overrule] any clear Seventh Circuit precedent. . . ."

Defendant is simply wrong in this assertion. Clearly, *Goodman* did overrule a long line of precedent from the Seventh Circuit holding that Illinois' general five-year statute of limitations (Ill.Rev.Stat. ch. 110, ¶ 13–205) should apply to actions brought under § 1981.[1] Beginning with *Waters v. Wisconsin Steel Works,* 427 F.2d 476 (7th Cir.), *cert. denied,* 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970), the Seventh Circuit has consistently held that the Illinois five-year statute of limitations applies to statutory claims brought under § 1981. *Id.* at 488. This rule has remained unchanged with respect to § 1981 claims since *Waters. See, e.g., Perkins v. Hendrickson Mfg. Co.,* 610 F.2d 469, 470 (7th Cir.1979); *Archie v. Chicago Truck Drivers, Helpers & Warehouse Workers Union,* 585 F.2d 210, 218 n. 1 (7th Cir.1978); *Teague v. Caterpillar Tractor Co.,* 566 F.2d 7, 8 (7th Cir.1977); *see also Beard v. Robinson,* 563 F.2d 331, 338 (7th Cir.1977),

*cert. denied,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978) (The Seventh Circuit has consistently held that "the Illinois five-year statute of limitations applies to statutory claims brought under the Civil Rights Acts."). Clearly, *Goodman* presents a clear break with established precedent in this circuit—precedent on which the Plaintiff justifiably relied. Thus, the first *Chevron* factor for a holding of nonretroactive application is met.

The second *Chevron* factor—whether retroactive application would advance or retard uniform federal characterization of § 1981 claims—does not militate for or against retroactive application. *See Gibson v. United States,* 781 F.2d 1334, 1339 (9th Cir.1986) (refusing retroactive application of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), to a § 1983 claim), *cert. denied,* —— U.S. ——, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987); *Anton v. Lehpamer,* 787 F.2d 1141, 1145 (7th Cir.1986).

The third *Chevron* factor weighs heavily against retroactive application of *Goodman,* for it would yield substantial inequitable results to hold that Plaintiff " 'slept on his rights' at a time when he could not have known the time limitation that the law imposed upon him." *Chevron,* 404 U.S. at 108, 92 S.Ct. at 356.

1. The Seventh Circuit has long stood firm on this issue and continued to hold this view through the Supreme Court's decision in *Goodman. See Nazaire v. Trans World Airlines, Inc.,* 807 F.2d 1372, 1380 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1979, 95 L.Ed.2d 819 (1987), where the Court stated:

The [defendant] invites us to change the limitations period for filing a section 1981 claim in light of the Supreme Court's decision in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In *Wilson,* the Court decided that all claims brought pursuant to 42 U.S.C. § 1983 are subject to the state's personal injury statute of limitations. In response to *Wilson,* the Third Circuit, in *Goodman v. Lukens Steel Co.,* 777 F.2d 113 (3d Cir.1985), *petition for cert. granted,* —— U.S. ——, 107 S.Ct. 568, 93 L.Ed.2d 573 (1986), decided that the limitations period that applied to claims brought pursuant to section 1983 claims should apply to claims brought pursuant to section 1981. We decline to follow the Third Circuit and, instead, adopt the reasoning of

Judge Garth's dissenting opinion in *Goodman.* Judge Garth aptly noted that the legislative histories of sections 1983 and 1981 are completely distinct. "[Section] 1983 was conceived, and has been generally applied, as a personal injury statute. Section 1981, however, is more fundamentally concerned with injury to the contractual or economic rights of minorities, and as such should appropriately be governed by the longer contract statute of limitations." 777 F.2d at 132. This court has consistently held, since *Waters v. Wisconsin Steel Works,* 427 F.2d 476 (7th Cir.), *cert. denied,* 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970), that in Illinois the statute of limitations for section 1981 claims is five years. Obviously, Plaintiff could not have relied on *Nazaire* as precedent for the application of the five-year statute of limitations since *Nazaire* was decided three weeks after Plaintiff filed his complaint. However, *Nazaire* does provide ample evidence of the Seventh Circuit's "clear past precedent" on which Plaintiff did rely.

Finally, the Defendant is not prejudiced by enforcing the statute of limitations rule which prevailed in this circuit at the time of Defendant's alleged wrongful acts. *Gibson*, 781 F.2d at 1339. Accordingly, as the equities clearly favor nonretroactive application of *Goodman*, we hold under *Chevron* that *Goodman* will not serve to time bar Plaintiff's claim.[2]

### III.  CONCLUSION

*Ergo*, Defendant's motion for summary judgment based on the statute of limitations is DENIED.

---

**2.** *See Anton,* 787 F.2d at 1146 n. 6, where the Court stated:

In assessing the equities of retroactive application, we also find helpful the Illinois policy concerning retroactive application of a new statute of limitation which reduces the period for filing suit. Illinois courts consider retroactive application on a case-by-case basis to determine whether the plaintiff had a reasonable time to file suit between the effective date of the new statute and "the date on which the pre-existing cause of action would be barred." *Balzer v. Inland Steel Co.,* 100 Ill. App.3d 1071, 56 Ill.Dec. 594, 595, 427 N.E.2d 999, 1000 (1981). It is clear that Mr. Anton did not have a reasonable time to adjust to the shorter limitation period. If *Wilson* was applied retroactively, his cause of action would have been barred well before the Court announced its decision. *Cf. Wilson,* 105 S.Ct. at 1943 (In *Wilson,* the Supreme Court indicated that, although the characterization of a section 1983 action for statute of limitation purposes is a federal question, "the length of the limitations period, and closely related questions of tolling and application, are governed by state law.").