**RICK NOLAN'S AUTO BODY SHOP, INC., an Illinois corporation; and Richard T. Nolan, Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois corporation, Defendant.**

No. 88 C 7147.

United States District Court, N.D. Illinois, E.D.

May 11, 1989.

Herbert Frederick Friedman, Herbert Frederick Friedman, Ltd., Winnetka, Ill., for plaintiffs.

Jeffrey Lennard, Margaret S. Determan, Leslie J. Khoshaba, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Plaintiffs in this action filed suit under 42 U.S.C. sections 1981 and 1982 against defendant Allstate Insurance Company ("Allstate"). In response to plaintiffs' alle-

gations, Allstate has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, Allstate's motion to dismiss is granted in part and denied in part.

## FACTS

Plaintiff Richard T. Nolan is the sole shareholder, president, and manager of plaintiff Rick Nolan's Body Shop, Inc. ("Nolan's Body Shop"), an Illinois corporation doing business as a motor vehicle body repair shop. In 1984, plaintiffs entered into an agreement with Allstate whereby Allstate designated Nolan's Body Shop as a "direct repair" shop for the damaged vehicles of Allstate's insureds. Under Allstate's direct repair program, an Allstate insured can bring his damaged vehicle to any designated direct repair shop for both appraisal and repair of damages. In this manner, the insured can avoid the delay caused by waiting for an Allstate claims adjuster to review the damaged vehicle and approve the necessary repairs. Thus, as an Allstate direct repair shop, Nolan's Body Shop could provide body repair service more quickly and conveniently to Allstate insureds.

Nolan's Body Shop maintained its designation as an Allstate direct repair shop until March 30, 1985, at which time Allstate terminated the designation.[1] According to the amended complaint, Allstate informed plaintiffs that the designation of Nolan's Body Shop was being terminated because the body shop was located outside the permitted location for designated direct repair shops in the area. However, plaintiffs allege that the true reason for the termination is racial discrimination on the part of Allstate. Plaintiffs maintain that Allstate terminated the direct repair shop status of Nolan's Body Shop for the sole reason that Richard T. Nolan and all others operating

Rick Nolan's Body Shop are black. Plaintiffs allege that such racial discrimination constitutes a violation of their civil rights and forms a basis for their claims under sections 1981 and 1982.

## DISCUSSION

Allstate's motion to dismiss challenges both claims in plaintiffs' amended complaint. With respect to plaintiffs' § 1982 claim, Allstate argues that plaintiffs fail to allege a property interest protected under § 1982. Regarding plaintiffs' § 1981 claim, Allstate maintains that plaintiffs failed to raise the claim within the applicable statute of limitations. Therefore, Allstate requests the court to dismiss the amended complaint in its entirety.

### I. *Plaintiffs' § 1982 Claim*

Section 1982 provides:

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property.

To state a claim under § 1982, a party must allege an impairment of the type of property interest protected by the statutory language. *City of Memphis v. Greene,* 451 U.S. 100, 123–24, 101 S.Ct. 1584, 1598–99, 67 L.Ed.2d 769 (1981). Since § 1982 only protects real and personal property interests, numerous courts have held that § 1982 does not apply to employment discrimination claims. *See Schirmer v. Eastman Kodak Co.,* No. 86–3533, 1987 WL 9280 (E.D.Pa. April 9, 1987) (available on Lexis), *aff'd,* 869 F.2d 591 (3d Cir.1989); *Jurado v. Eleven–Fifty Corp.,* 630 F.Supp. 569, 572 (C.D.Cal.1985), *aff'd,* 813 F.2d 1406 (9th Cir.1987); *Abel v. Bonfanti,* 625 F.Supp. 263, 269 (S.D.N.Y.1985); *Tate v. Hills–McCanna Co.,* 29 Empl.Prac. Dec. (CCH) ¶ 32,944 at 26,463, 1982 WL 361

---

**1.** Plaintiffs allege in their amended complaint that Nolan's Body Shop lost its designation as an Allstate direct repair shop "in the year of 1986." Plaintiff Richard T. Nolan later submitted an affidavit stating that he lacks any knowledge of the specific date in 1986 on which the designation was terminated. However, according to the sworn affidavit of Kevin Dough-

erty, an Allstate manager, Allstate's records indicate that Allstate terminated the direct repair shop designation of Nolan's Body Shop no later than March 30, 1985. To the extent the court relies on the affidavits of Nolan and Dougherty, the court will treat Allstate's motion as requesting summary judgment.

(N.D.Ill. June 16, 1982); *Johnson v. Duval County Teachers Credit Union*, 507 F.Supp. 307, 310 (M.D.Fla.1980). The basis for these holdings is that employment rights are not "property" within the meaning of § 1982. *See Schirmer, supra.* Therefore, an employee cannot sue his employer under § 1982 to enforce a purported "right to labor." *See Tate, supra.*

■ Although the instant case does not involve an employment discrimination claim, it presents an analogous situation. Essentially, the amended complaint alleges that when Allstate designated Nolan's Body Shop as a direct repair shop, Allstate authorized plaintiffs to act as Allstate's agents. Plaintiffs argue that the creation of this agency relationship gave them a property interest in the designation of Nolan's Body Shop as a direct repair shop. In other words, plaintiffs claim they held a property interest in their status as Allstate's agents. Plaintiffs' suit seeks to enforce their alleged right to maintain their agency status.

The court finds that plaintiffs never held a property interest protected by § 1982. Plaintiffs' purported interest in their status as Allstate agents is not protected by § 1982 for the same reason that an employee's interest in his status as an employee is not protected under § 1982. Such "interests" are simply not the type of real or personal property interests on which a § 1982 claim must be based. Plaintiffs' arguments to the contrary are wholly unsupported by § 1982 case law.

Plaintiffs suggest that their interest is protectible under § 1982 because their right to act as Allstate's agent was contractual. This argument makes two questionable assumptions. First, it assumes that a contractual relationship was created between plaintiffs and Allstate. Plaintiffs' complaint, even when read liberally, fails to set forth the elements of a contract. Second, plaintiffs' argument assumes that contractual rights are protected by § 1982. While plaintiffs, offer no support for this position, Allstate cites several cases holding that contractual rights are not protected under § 1982. *See Schirmer, supra;*

*Jurado*, 630 F.Supp. at 570. The plain language of § 1982 appears to buttress these courts' conclusions. Moreover, even if plaintiffs' assumptions were correct, nowhere in the amended complaint do plaintiffs claim that Allstate made any promise restricting its right to terminate the alleged contract. As a result, plaintiffs allege no contractual basis on which to assert a protectible interest in the duration of their status as Allstate agents. Therefore, plaintiffs' § 1982 claim must be dismissed.

### II. *Plaintiffs' § 1981 Claim*

■ A § 1981 claim accrues when the defendant commits the alleged discriminatory act on which the claim is based. *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980); *Nazaire v. Trans World Airlines, Inc.*, 807 F.2d 1372 (7th Cir.1986), *cert. denied*, 481 U.S. 1039, 107 S.Ct. 1979, 95 L.Ed.2d 819 (1987). In the instant case, plaintiffs base their § 1981 claim on Allstate's allegedly discriminatory termination of its agency relationship with plaintiffs. According to the affidavit submitted by Allstate, plaintiffs' termination occurred sometime between January 1, 1985, and March 30, 1985. Therefore, plaintiffs' cause of action accrued no later than March 30, 1985. Plaintiffs filed this action on August 18, 1988, over three years after their § 1981 cause of action accrued.

■ Relying on *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), Allstate argues that plaintiffs' § 1981 claim is barred by the applicable two-year statute of limitations. In *Goodman*, the Supreme Court held that the statute of limitations applicable to § 1981 claims is the appropriate state statute of limitations for personal injury actions. In the instant case, Illinois law applies, and Illinois' statute of limitations for personal injury claims is two years. *See* Ill.Rev.Stat. ch. 110 par. 13–202 (1987). Therefore, applying *Goodman*, Allstate contends that plaintiffs' § 1981 claim is time-barred.

Plaintiffs argue, however, that since their § 1981 cause of action accrued prior to the ruling in *Goodman*, the statute of

limitations rule set forth in *Goodman* is inapplicable. Plaintiffs maintain that the appropriate statute of limitations is the one which was in effect in Illinois prior to the *Goodman* decision—five years. *See Nazaire*, 807 F.2d at 1380. Under this filing requirement, plaintiffs' § 1981 claim clearly is not time-barred.

As the parties' arguments indicate, whether plaintiffs' § 1981 claim is time-barred turns on whether the *Goodman* decision applies retroactively. As a general rule, judicial decisions have retroactive application. *Solem v. Stumes*, 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984). However, under certain circumstances, nonretroactivity is appropriate. *Goodman*, 482 U.S. at 662, 107 S.Ct. at 2621. In *Goodman*, the court examined the three factors set forth in *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), to determine whether retroactivity was appropriate. These factors are: (1) whether the decision to be applied establishes a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether retroactive application of the decision will further or retard the operation of the rule of law in question, in light of the purpose, effect, and prior history of the rule; and (3) whether retroactive application will produce equitable or inequitable results. *Id.* at 106–107, 92 S.Ct. at 355–56. Considering these factors, this court finds that retroactive application of the *Goodman* decision in this case is inappropriate.

First, the *Goodman* decision upset clear past precedent in the Seventh Circuit establishing a five-year statute of limitations for § 1981 claims in Illinois. *See Nazaire*, 807 F.2d at 1380; *Waters v. Wisconsin Steel Works*, 427 F.2d 476 (7th Cir.), *cert. denied*, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 911 (1970). Allstate argues that *Goodman* should apply retroactively because even prior to *Goodman*, the Seventh Circuit precedent in this area was made unclear by the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). This argument is pre-

cluded by the Seventh Circuit's 1986 decision *Nazaire*, wherein the court stated:

> [Defendant] invites us to change the limitations period for filing a section 1981 claim in light of the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In *Wilson*, the Court decided that all claims brought pursuant to 42 U.S.C. § 1983 are subject to the state's personal injury statute of limitations. In response to *Wilson*, the Third Circuit, in *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985), *petition for cert. granted*, 479 U.S. 982, 107 S.Ct. 568, 93 L.Ed.2d 573 (1986), decided that the limitations period that applied to claims brought pursuant to section 1983 claims should apply to claims brought pursuant to section 1981. We decline to follow the Third Circuit and, instead, adopt the reasoning of Judge Garth's dissenting opinion in *Goodman*. Judge Garth aptly noted that the legislative histories of sections 1983 and 1981 are completely distinct. "[Section] 1983 was conceived, and has been generally applied, as a personal injury statute. Section 1981, however, is more fundamentally concerned with injury to the contractual or economic rights of minorities, and as such should appropriately be governed by the longer contract statute of limitations." 777 F.2d at 132. This court has consistently held, since *Waters v. Wisconsin Steel Works*, 427 F.2d 476 (7th Cir.), *cert. denied*, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970), that in Illinois the statute of limitations for section 1981 claims is five years.

*Nazaire*, 807 F.2d at 1380 n. 5. With this definitive statement, the Seventh Circuit made clear that even after *Wilson*, a five-year statute of limitations applied to § 1981 claims in Illinois. This five-year limitation remained in effect until the decision in *Goodman*. Thus, the analysis of the first *Chevron* factor indicates that *Goodman* should not be applied retroactively to bar plaintiffs' claim.

Turning to the second *Chevron* factor, Allstate argues that retroactive application

of the *Goodman* decision would advance at least one purpose of the *Goodman* rule—establishing uniformity and certainty in the statute of limitations applied to civil rights claims. However, this court is not convinced that retroactive application of *Goodman* is necessary to achieve these goals. *See Anton v. Lehpamer*, 787 F.2d 1141, 1145 (7th Cir.1986) (finding that the interests of uniformity and certainty are not hampered by nonretroactive application of the *Wilson* decision). Moreover, retroactive application of *Goodman* would appear to retard the overall goal of § 1981—safeguarding the substantive rights of civil rights litigants. *Id.* Therefore, the second *Chevron* factor does not appear to militate in favor of or against retroactive application of *Goodman.*

The third *Chevron* factor favors nonretroactive application of *Goodman.* In light of the fact that plaintiffs were virtually assured by Seventh Circuit precedent that their § 1981 claim would be timely if it was filed within five years, it would be unfair to deny plaintiffs' claim on statute of limitations grounds where plaintiffs have met that requirement. Clearly, plaintiffs have not "slept on their rights." *Anton*, 787 F.2d at 1145. Therefore, retroactive application of the two-year statute of limitations set forth in *Goodman* would be inequitable in this case.

Accordingly, based on the first and third *Chevron* factors, the court finds that retroactive application of the two-year statute of limitations set forth in *Goodman* is inappropriate.[2] The statute of limitations applicable to plaintiffs' § 1981 claim is five years. *Nazaire*, 807 F.2d at 1380. Since plaintiffs filed their action within that period, their § 1981 claim is not time-barred.

## CONCLUSION

For the foregoing reasons, Allstate's motion to dismiss is denied with respect to plaintiffs' § 1981 claim. Allstate's motion

is granted, however, with respect to plaintiffs' § 1982 claim.

IT IS SO ORDERED.

---

**2.** Other courts in this circuit have reached the same conclusion. *See Malhotra v. Cotter & Company*, 696 F.Supp. 1203, 1207–08 (N.D.Ill. 1988); *Smith v. Firestone Tire & Rubber Co.*, 675 F.Supp. 1134, 1136–37 (C.D.Ill.1988); *Shinault v. City of Chicago*, No. 84 C 2009, 1987 WL 27421 (N.D.Ill. December 10, 1987) (available on Lexis); *Comer v. Interstate United Corp.*, 118 F.R.D. 79, 84–85 (N.D.Ill.1987); *Benitez v. Clark*, No. 86 C 9480, 1987 WL 14613 (N.D.Ill. July 20, 1987) (available on Lexis), *aff'd* 863 F.2d 885 (7th Cir.1988).